**Christopher J. Manfredi**, OSB #062476
chris@francishansen.com
FRANCIS HANSEN & MARTIN LLP
1148 NW Hill Street
Bend, OR 97703
(541) 389-5010
(541) 382-7068 (fax)
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| NANCY BLAKE, an individual,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>CC MEDICAL TRANSPORT, INC., an Oregon corporation; CHE"CK"ER CAB OF CENTRAL OREGON, INC., an Oregon corporation; CANNON F. BRAATZ, an individual,<br><br>　　　　Defendants. | Case No.  6:17-cv-00129-JR<br><br>**SECOND AMENDED COMPLAINT**<br><br>(Federal and State Wage Claims, Fair Credit Reporting Act Claim)<br><br>Jury Trial Requested |

Plaintiff, Nancy Blake, alleges as follows:

JURISDICTION AND VENUE

1.

This Court has jurisdiction over the subject matter of this complaint pursuant to

29 U.S.C. § 216(b) (Fair Labor Standards Act ("FLSA")) and 28 U.S.C. § 1331 (Federal

Question), and 28 U.S.C. § 1337.

2.

This Court has supplemental jurisdiction over the state law claims set forth in this

**1 – SECOND AMENDED COMPLAINT**



complaint pursuant to 28 U.S.C. § 1367. Both the federal and state claims alleged herein arise from a common nucleus of operative facts. The state actions are so related to the federal claims that they form part of the same controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

3.

Venue is proper in the District of Oregon pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transacted business in this district, Plaintiff was employed by Defendants in this district, and the acts and omissions that are the subject of this suit transpired in this district.

PARTIES

4.

Defendant CC Medical Transport, Inc. is an Oregon Corporation doing business in Deschutes County, Oregon.

5.

Defendant Che"ck"er Cab Of Central Oregon, Inc. ("Che"ck"er Cab" or collectively with CC Medical Transport, Inc. the "Corporate Defendants") is an Oregon Corporation doing business in Deschutes County, Oregon.

6.

Defendant, Cannon Braatz ("Braatz") is the owner and sole officer of both CC Medical Transport, Inc. and Che"ck"er Cab of Central Oregon, Inc. Braatz resides in Deschutes County, Oregon.


Francis Hansen & Martin LLP
1148 NW Hill Street, Bend, Or 97703-1914
Tel: (541) 389-5010 ▪ Fax: (541) 382-7068
www.francishansen.com

7.

As the owner and sole officer of the Corporate Defendants, Braatz exercises operational control over the Corporate Defendants, including but not limited to, control over time-keeping and pay practices for employees, and control over the employment relationship between the Corporate Defendants and their employees.

8.

At all material times, Plaintiff Nancy Blake was employed by Defendants as a driver.  At all times during her employment by Defendants, Plaintiff was a non-exempt hourly employee.

## STATEMENT OF FACTS

9.

CC Medical Transport provides non-emergency medical transportation services to individuals in Central Oregon.  At all material times, CC Medical Transport's annual revenue exceeds $500,000.00.

10.

Che"ck"er Cab provides general transportation services to individuals in Central Oregon. At all material times, Che"ck"er Cab's annual revenue exceeds $500,000.00.

11.

Plaintiff was an employee of Defendants, or either of them, for approximately three (3) years.  Defendants co-mingled the assets, finances, employees, and operations of the Corporate Defendants such that the Corporate Defendants were, in



effect, operated as a single entity. Plaintiff had no authority to hire, fire, or otherwise discipline Defendants' employees.

12.

In the scope of her employment by Defendants, Plaintiff worked as a driver providing transportation services to individuals, including but not limited to individuals traveling to Central Oregon from out of state, as well as individuals traveling from Central Oregon to out of state destinations. Plaintiff provided these transportation services in a vehicle owned by Defendants, and based on a schedule set by Defendants. Defendants provided Plaintiff with a schedule setting out the pick-up times, and the pick-up and drop-off locations for customers of Defendants.

13.

Throughout her employment, Plaintiff had no choice in whether to accept or decline transportation to Defendants' customers. Instead, Plaintiff provided transportation services based on the schedule made by Defendants.

14.

Defendants did not maintain records of the hours worked by Plaintiff. Nor did Defendants provide Plaintiff with pay stubs reflecting Plaintiff's hours of work, rate of pay, authorized/required deductions and other information required under applicable law. Instead, Defendants paid Plaintiff based on a formula for each ride provided by Plaintiff to Defendants' customers. Defendants created this formula.



Francis Hansen & Martin LLP
1148 NW Hill Street, Bend, Or 97703-1914
Tel: (541) 389-5010 ▪ Fax: (541) 382-7068
www.francishansen.com

15.

Plaintiff worked over forty (40) hours per week for the Corporate Defendants during the following workweeks (defined as Sunday through Saturday): (a) during 2014, the weeks beginning May 11, 18, 25, June 1, 8, 15, 22, 29, July 6, 13, 20, 27, August 3, 10, 17, 24, 31, September 7, 14, 21, 28, October 5, 12, 19, 26, November 2, 9, 16, December 28; (b) during 2015, the weeks beginning January 4, 11, 18, 25; August 16, 23, 30, September 6, 13, 20, 27, October 4, 11, 18, 25, November 1, 8, 15, 22, 29, December 6, 13, 20; during 2016, the weeks beginning October 2, 9, 16, 23, November 6, 13, 20, 27, December 4.

16.

By paying Plaintiff on a per ride basis, rather than an hourly basis, Defendants failed to pay Plaintiff the minimum wage under state and federal law, and also failed to pay Plaintiff overtime for hours worked in excess of forty (40) hours per workweek.

17.

Defendants knew of, and/or showed reckless disregard for, Defendants' practices by which Plaintiffs were not paid for all hours worked.

FIRST CLAIM FOR RELIEF

(FLSA Minimum Wage Claim)

18.

All previous paragraphs are incorporated by this reference.

5 – SECOND AMENDED COMPLAINT



FRANCIS HANSEN & MARTIN LLP
1148 NW HILL STREET, BEND, OR 97703-1914
TEL: (541) 389-5010 ▪ FAX: (541) 382-7068
WWW.FRANCISHANSEN.COM

19.

Pursuant to 29 U.S.C. § 206, Defendants were required to pay Plaintiff at least $7.25 per hour for all hours worked in a given workweek, when those wages were due, but Defendants willfully and repeatedly failed to do so.

20.

Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to damages equal to the unpaid minimum wages due, in an amount to be proven at trial but not less than $18,000.00, in addition to liquidated (double) damages in the same amount, together with attorneys' fees and costs, as well as pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just.

## SECOND CLAIM FOR RELIEF

(FLSA Overtime Claim)

21.

Paragraphs 1-17, inclusive, are incorporated by this reference.

22.

Plaintiff regularly worked in excess of 40 hours per workweek.

23.

Pursuant to 29 U.S.C. § 207, Defendants were required to pay Plaintiff one and one half times her regular rate of pay for all hours worked in excess of 40 hours in a given workweek, when those wages were due, but Defendants willfully and repeatedly failed to do so.



Francis Hansen & Martin LLP
1148 NW Hill Street, Bend, Or 97703-1914
Tel: (541) 389-5010 ▪ Fax: (541) 382-7068
www.francishansen.com

24.

Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to damages equal to the unpaid overtime wages due, in an amount to be proven at trial but not less than $13,000.00, in addition to liquidated (double) damages in the same amount, together with attorneys' fees and costs, as well as pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just.

### THIRD CLAIM FOR RELIEF

(FLSA Wage Claim Discrimination and Retaliation)

25.

All previous paragraphs are incorporated by this reference.

26.

Pursuant to 29 U.S.C. § 215(a)(3), Defendants are prohibited from discharging or discriminating against any employee for making a wage claim.

27.

Defendants have discriminated against Plaintiff for complaining about and/or making the above-referenced claims relating Defendants' unlawful pay practices referenced herein to Defendants and/or Defendants' agents.  Defendants' unlawful discrimination consists of terminating Plaintiff's employment almost immediately after Plaintiff complained about Defendants' unlawful pay practices.

28.

Defendants acted with malice when they engaged in the wrongful conduct

7 – SECOND AMENDED COMPLAINT



Francis Hansen & Martin LLP
1148 NW Hill Street, Bend, Or 97703-1914
Tel: (541) 389-5010 ▪ Fax: (541) 382-7068
www.francishansen.com

described herein.  The aforementioned conduct entitles Plaintiff to an award of punitive damages in the amount of $200,000.00.

29.

Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to an award of damages, equitable relief, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just.

FOURTH CLAIM FOR RELIEF

(Oregon Minimum Wage Claim)

30.

Paragraphs 1-17 are incorporated by this reference.

31.

Pursuant to ORS 653.025, Defendants were required to pay Plaintiff at least the Oregon statutory minimum wage rate for each hour worked in a given workweek when those wages were due.  At all material times herein, the applicable minimum wage rate ranged from $9.10 to $9.75 per hour.

32.

Defendants willfully and repeatedly failed to comply with the minimum wage requirements set forth above by failing to pay Plaintiff the applicable minimum wage rate.

33.

Pursuant to ORS 653.055, Plaintiff is entitled to damages equal to the unpaid

**8 – SECOND AMENDED COMPLAINT**

Francis Hansen & Martin LLP
1148 NW Hill Street, Bend, Or 97703-1914
Tel: (541) 389-5010 ▪ Fax: (541) 382-7068
www.francishansen.com

minimum wages due, in an amount to be proven at trial but not less than $24,000.00. Pursuant to ORS 652.150, Plaintiff is also entitled to penalty wages of 30 days of pay at her regular rate of pay based on Defendants' failure to pay minimum wages when due. Plaintiff is also entitled to recover her attorneys' fees and costs pursuant to ORS 652.200, as well as pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just.

## FIFTH CLAIM FOR RELIEF

(Oregon Overtime Claim)

34.

Paragraphs 1-17 are incorporated by this reference.

35.

Plaintiff regularly worked in excess of forty (40) hours per workweek.

36.

Pursuant to ORS 653.261, Defendants were required to pay Plaintiff one and one half times her regular rate of pay for all hours worked in excess of forty (40) hours in a given workweek, when those wages were due, but willfully and repeatedly failed to do so.

37.

Pursuant to ORS 653.055, Plaintiff is entitled to damages equal to the unpaid overtime wages due, in an amount to be proven at trial but not less than $15,000.00. Pursuant to ORS 652.150, Plaintiff is also entitled to penalty wages of 30 days of pay at

9 – SECOND AMENDED COMPLAINT

FRANCIS HANSEN & MARTIN LLP
1148 NW HILL STREET, BEND, OR 97703-1914
TEL: (541) 389-5010 ▪ FAX: (541) 382-7068
WWW.FRANCISHANSEN.COM

her regular rate of pay based on Defendants' failure to pay overtime wages when due. Plaintiff is also entitled to recover her attorneys' fees and costs pursuant to ORS 652.200, as well as pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just.

## SIXTH CLAIM FOR RELIEF

(Oregon Unpaid Wages Upon Termination Claim)

38.

Paragraphs 1-17 are incorporated by this reference.

39.

Pursuant to ORS 652.140, Defendants were required to pay Plaintiff all wages due by the statutory deadline upon separation of her employment.

40.

Defendants willfully failed to pay Plaintiff all wages they were due by the statutory deadline upon separation of her employment.

41.

Pursuant to ORS 652.150, Plaintiff is entitled to all unpaid wages remaining due in an amount to be proven at trial, an award of statutory penalty wages in an amount equal to 30 days of wages at their regular rate of pay, an award of her attorneys' fees and costs pursuant to ORS 652.200, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just.

10 – SECOND AMENDED COMPLAINT

FRANCIS HANSEN & MARTIN LLP
1148 NW HILL STREET, BEND, OR 97703-1914
TEL: (541) 389-5010 ▪ FAX: (541) 382-7068
WWW.FRANCISHANSEN.COM

## SEVENTH CLAIM FOR RLIEF

(Oregon Wage Claim Discrimination and Retaliation)

42.

Paragraphs 1-17, and 29-40, inclusive, are incorporated by this reference.

43.

Pursuant to ORS 652.355, Defendants are prohibited from discharging or discriminating against any employee for making a wage claim and/or consulting an attorney about a wage claim.

44.

Defendants have discriminated and retaliated against Plaintiff for complaining about Defendants' unlawful pay practices referenced herein, making a claim regarding the same, and/or consulting an attorney regarding the same.  Defendants' unlawful discrimination/retaliation consists of terminating Plaintiff's employment almost immediately after Plaintiff complained about Defendants' unlawful pay practices.

45.

Pursuant to ORS 659A.885, Plaintiff is entitled to an award of damages, equitable relief, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just.

46.

Defendants acted with malice when they engaged in the wrongful conduct described herein.  The aforementioned conduct entitles Plaintiff to an award of punitive damages in the amount of $200,000.00.

**11 – SECOND AMENDED COMPLAINT**



Francis Hansen & Martin LLP
1148 NW Hill Street, Bend, Or 97703-1914
Tel: (541) 389-5010 ▪ Fax: (541) 382-7068
www.francishansen.com

## EIGHTH CLAIM FOR RELIEF

(Fair Credit Reporting Act ("FCRA"))

47.

Paragraphs 1-17, inclusive, are incorporated by this reference.

48.

During the course of Plaintiff's employment by Defendants, Defendants violated the FCRA, 15 U.S.C. §§ 1681b(b),1681m(a)(3) by conducting a criminal records check/background check of Plaintiff without Plaintiff's knowledge or authorization.

49.

Pursuant to 15 U.S.C. § 1681n(a)(1), Plaintiff is entitled to an award of her actual damages sustained as a result of Defendants' violation in an amount to be proven at trial of not less than $100.00 and not more than $1,000.00.

50.

Pursuant to 15 U.S.C. § 1681n(a)(2), Plaintiff is entitled to an award of punitive damages in the sum of $50,000.00.

51.

Pursuant to 15 U.S.C. § 1681n(a)(3), Plaintiff is entitled an award of her reasonable attorney fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Defendants, and each of them, as follows:

 FRANCIS HANSEN & MARTIN LLP
1148 NW HILL STREET, BEND, OR 97703-1914
TEL: (541) 389-5010 ▪ FAX: (541) 382-7068
WWW.FRANCISHANSEN.COM

1. Awarding Plaintiff all unpaid regular and overtime wages alleged herein;

2. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. § 216(b);

3. Awarding Plaintiff statutory penalty wages pursuant to ORS 652.150;

4. Awarding Plaintiff damages pursuant to 29 U.S.C. § 216(b) and ORS 652.355;

5. Awarding Plaintiff damages pursuant to 15 U.S.C. § 1681n(a)(1);

6. Awarding Plaintiff punitive damages;

7. Awarding Plaintiff her reasonable costs and attorneys' fees;

8. Awarding Plaintiff pre and post-judgment interest on all amounts due to Plaintiff, as appropriate and as permitted by law;

9. Enjoining Defendants from continuing to perpetrate the unlawful practices described above;

10. Awarding Plaintiff such other and further relief the Court deems equitable and just.

DATED this 22nd day of August, 2017.

FRANCIS HANSEN & MARTIN LLP

 s/ Christopher J. Manfredi
Christopher J. Manfredi, OSB #062476
(541) 389-5010
Attorney for Plaintiff

13 – SECOND AMENDED COMPLAINT

Francis Hansen & Martin LLP
1148 NW Hill Street, Bend, Or 97703-1914
Tel: (541) 389-5010 ▪ Fax: (541) 382-7068
www.francishansen.com